**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL NO. 1:16CV159-DSC**

| | |
|---|---|
| **RICKY L. DOUGHER,** )<br>　　　　**Plaintiff,** )<br>　　　　　　　　　　　　　)<br>　　　　　vs. )<br>　　　　　　　　　　　　　)<br>**NANCY A. BERRYHILL,**[1] )<br>**Commissioner of Social** )<br>**Security Administration,** )<br>　　　　**Defendant.** )<br>　　　　　　　　　　　　　) | **MEMORANDUM AND ORDER**<br>**OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #12) and Defendant's "Motion for Summary Judgment" (document #17), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits ("SSI") is not supported by substantial evidence. Accordingly, the Court will grant Plaintiff's Motion for Summary Judgment; deny Defendant's Motion for Summary Judgment; reverse the Commissioner's decision; and remand this matter for further proceedings consistent with this Memorandum and Order.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

# I. PROCEDURAL HISTORY

The procedural history is not in dispute. The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on June 10, 2016. He assigns error to the ALJ's formulation of his mental Residual Functional Capacity ("RFC")[2] and particularly to the ALJ's failure to account for his moderate difficulty with concentration, persistence or pace. See Plaintiff's "Memorandum ..." at 3-5 (document #12-1). The parties' cross-Motions are ripe for disposition.

# II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[3] Plaintiff challenges the ALJ's determination of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's

---

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

In Mascio, the Court also "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v.Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). See also SSR 96-8p (where ALJ completes Psychiatric Review Technique Form

("PRTF"), mental RFC evaluation for use at steps 4 and 5 "requires a more detailed assessment by itemizing various functions … summarized on the PRTF"). "The ability to perform simple tasks differs from the ability to stay on pace. Only the latter limitation would account for a claimant's limitation in concentration, persistence or pace." Id.

Applying those legal principles to the record here, the Court concludes that this matter should be remanded for a new hearing. In formulating Plaintiff's RFC, the ALJ accounted for his moderate difficulties in maintaining concentration, persistence or pace, if at all, by limiting him to "simple routine light work…without frequent public interaction." (Tr. 931). Even if supported by substantial evidence, a limitation to simple tasks or instructions does not "account for a limitation in concentration, persistence or pace." Id. See also Parham v. Colvin, Dist. Court No. 1:15-CV-063-GCM-DCK (W.D.N.C. August 8, 2016), Kittrell v. Colvin, Dist. Court No. 5:14-cv-163-RJC (W.D.N.C. March 6, 2016), Newton v. Colvin, Dist. Court No. 3:14-cv-371-RJC-DSC, 2015 WL 4411110, at *3 (W.D.N.C. July 20, 2015); Scruggs v. Colvin, Dist. Court No. 3:14-cv-00466-MOC, 2015 WL 2250890, at *4-5 (W.D.N.C. May 13, 2015).

As stated in Mascio, "[p]erhaps the ALJ can explain why [Plaintiff's] moderate limitation in concentration, persistence or pace … does not translate into a limitation in [his] residual functional capacity…. But because the ALJ gave no explanation, a remand is in order." Id.

## IV. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. Plaintiff's "Motion For Summary Judgment" (document #12) is **GRANTED**; Defendant's "Motion for Summary Judgment" (document #17) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing

pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

    2.   The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: March 14, 2017

David S. Cayer
United States Magistrate Judge

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).